**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | |
|---|---|
| **SANTORI LITTLE, on behalf of herself and those similarly situated as described below,** ) ) ) ) ) | |
| **Plaintiffs,** ) ) | |
| v. ) ) | **CIVIL ACTION NO.:** |
| **THE CITY OF VALLEY, ALABAMA, and Amwaste, LLC** ) ) ) ) ) ) | |
| **Defendants.** ) | |

**CLASS ACTION COMPLAINT**

Santori Little, on behalf of herself and all similarly situated persons as described below, states the following as her Class Action Complaint against defendants, City of Valley, Alabama ("Valley") or "the City", and Amwaste, LLC ("Amwaste").

**I. JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to 28 U.S.C §1331, Federal question jurisdiction. There are claims against the defendants under 42 U.S.C. §1983, for deprivations of Constitutional Rights under the Eighth and Fourteenth Amendments.

2. Jurisdiction is proper in this District and Division pursuant to 28 U.S.C. §1391(b). This is a District and Division in which a substantial part of the acts and omissions giving rise to the cause occurred.

**II. PARTIES**

1

3. Plaintiff Santori Little is a resident of Talladega County, Alabama, and is over the age of nineteen (19) years. Ms. Little was formerly a resident of Valley, Alabama, Chamber County, Alabama, where she was then Santori Battle.

4. Defendant City of Valley, Alabama is a municipal corporation organized under the laws of the state of Alabama, and subject to suit.

5. Amwaste is an Alabama Limited Liability Company organized in the State of Alabama with its principal place of business in Sylva Springs, Jefferson County, Alabama.

### III. FACTS

**A.    Facts Concerning Ms. Little and the Valley Garbage Collection System**

6. In 2011, Ms. Little, then Ms. Battle, was a resident of Valley, Alabama.

7. When Ms. Little lived in Valley, the City contracted with Amwaste to provide residential garbage collection.

8. The way that the garbage collection payment process worked in Valley is that residents would pay the City for their garbage services. The City, in turn, would use those revenues to pay its contract with Amwaste.

9. The system leading to jail and threats of jail for not paying garbage fees would not be possible without the participation of Amwaste who, through its contract with the City, generates the fees, which in turn pay its contract. Amwaste knew Valley used jail and threats of jail to enforce payment, and gladly accepted the fruits of those actions.

10. In 2011, Ms. Little became delinquent in her garbage collection payments.

11. On December 5, 2011, Ms. Little received a "Code violation Notice" putting her on notice that she was charged with violating Ala. Code §22-27-3 for failing to pay her solid

waste or garbage fee. This action was eventually assigned Case No. DC 2011 300663.00, in the District Court of Chambers County, Alabama.

12.On December 5, 2011, Ms. Little was arrested for the failure to pay her garbage bill

13.In July of 2013, Ms. Little was arrested and jailed for the charge of "Fail to Pay Solid Waste Fee".

14.Ms. Little was able to post an appearance bond of $2500.00 to be released from jail.

15.On August 14, 2013, Ms. Little appeared in the District Court and pled guilty to the charge. She was ordered to pay $119.50 in restitution, and a $25.00 bond fee.

16.In July of 2021, Ms. Little received a show cause order directing her to appear at Court for the failure to pay her solid waste fee. She received additional show cause orders for appearances in September and November of 2021; and again in May of 2022.

17.She has recently been sent another show cause order directing her to appear in Court for the same offense on January 23, 2023.

**B.The Law**

**1.Applicable State Statute**

18.The State of Alabama has a statute authorizing municipalities to contract with private entities for garbage collection and disposal. Ala. Code § 22-27-3(a)(1).

19.The Code then gives authority to municipalities to adopt regulations and ordinances requiring participation in the garbage collection services provided by a private company.

20. The Alabama Code contains enforcement provision, stating that persons violating rules and regulations promulgated under the solid waste provisions "shall be guilty of a misdemeanor and, upon conviction, shall be fined not less than $50.00, not more than $200.00, and if the violation or failure or refusal to obey or comply with such provision of this article or such rule or regulation is a continuing one, each day's violation shall constitute a separate offense and shall be punished accordingly." Ala. Code §22-27-7.

**2.** **Valley Municipal Code**

21. Valley took advantage of the grant of authority to mandate participation in private garbage collection, and enacted Chapter 58 of its municipal ordinances entitled solid waste.

22. The City mandates participation by all residents, Valley Municipal Code ("Valley Mun. Code") §58-122 and sets the rates for garbage collection per $17.50 per month. Valley Mun. Code §58-123(a).

23. The Valley Mun. Code sets forth billing procedures and frequencies, Valley Mun. Code §58-123, and then set forth penalties for non-payments at Valley Mun. Code §58-127.

24. The Valley Mun. Code states that when residents does not pay the garbage collection fee, the City may suspend services "or may proceed to recover the amount of any such delinquency with interest at 12 per cent per annum from the due date in a civil action, on both." Valley Municipal Code §58-127.

25. The Valley Mun. Code goes on to mirror the state statute in terms of criminal process by stating:

> In addition, any person violating any provisions hereof or any rule or regulation made herein, shall be guilty of a misdemeanor, and upon conviction, shall be fined not less than $50.00 nor more than $200.00, and if the violation or failure or refusal to obey or comply with such provision, rule or regulation is a continuing one, each day's violation shall constitute a separate offense and

       shall be punished accordingly. The City also adopts any other sanctions for violations outlined in Code of Ala. 1975, §§ 22-27-6 and 22-27-7, as amended, including the right of civil action.

Valley Mun. Code §58-127.

### 3. The Incarceration of Residents for the Failure to Pay Garbage Collection Fee Violates State and Federal Law.

26. In this country and State, we do not have debtors' prison. The law is clear that jail time for debts, Section 20 of the Alabama Constitution says quite simply, "That no person shall be imprisoned for debt." Ala. Const. §20.

27. Even the failure to pay monies ordered by a court does not allow for the imposition of jail time. In Smith v. Smith, 380 So. 2d 897, 899 (Ala. Civ. App. 1980), the Court held that under Ala. Const. §20, a defendant may not be imprisoned for alleged contempt in failing to pay a judgement for money.

28. Not only may one not actually be imprisoned for the non-payment of a debt, but "The Alabama Supreme Court has condemned the use if threat of prosecution as a means of collecting debt. Bullen v. State, 518 So. 2d 227, 233 (Ala. Crim. App. 1987).

29. Not only did the City actually imprison Ms. Little for the failure to pay a debt, but it continues to use the threat of imprisonment as a means to collect its debts by sending show cause orders.

## I.  CLASS ALLEGATIONS

30. <u>Class Definition</u>: Pursuant to Fed. R. Civ. P. 23(a), (b)(1), (b)(2), and (b)(3) Plaintiff brings this action on behalf of herself, and all others similarly situated, as members of the proposed Plaintiff Class defined as follows:

       All persons who have been prosecuted, criminally, and either jailed or threatened with jail, for the failure to pay a garbage collection fee to the City of Valley, Alabama, within the applicable statute of limitations.

31.   <u>Numerosity</u>: The members of each Class or Subclass are so numerous that their individual joinder would be impracticable in that: (a) the Class or Subclass includes at least hundreds of individual members; (b) the precise number of Class or Subclass members and their identities are unknown to Plaintiffs, but are available through public records, and can easily be determined through discovery; (c) it would be impractical and a waste of judicial resources for each of the at least hundreds of individual class or subclass members to be individually represented in separate actions; and (d) it is not economically feasible for those class members to file individual actions.

32.   <u>Commonality/Predominance:</u> Common questions of law and fact predominate over any questions affecting only individual class members. These common legal and factual questions include, but are not limited to, the following:

> a.   Whether all class members are sent to prosecutorial authorities to be criminally prosecuted when they reach a threshold of indebtedness for the City of Valley, Alabama garbage collection.
>
> b.   Whether Amwaste participated in setting up a system wherein it used criminal prosecution to collect garbage fees for its services.
>
> c.   Whether the City of Valley, Alabama seeks imprisonment of those who do not pay their garbage collection bills.

33.   <u>Typicality</u>: Plaintiffs' claims are typical of the claims of the Class or Subclass members. Plaintiff and all class members have been injured by the same wrongful practices. Plaintiff's claims arise out of the same practices and course of conduct that give rise to the claims of the subclass and are based on the same legal theories for the class.

34. <u>Adequacy</u>: Plaintiff will fully and adequately assert and protect the interests of the Class. Plaintiff has counsel experienced in class actions and complex mass tort litigation. Neither Plaintiff nor counsel have interests contrary to or conflicting with the interests of the Class.

35. <u>Superiority</u>: A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims by each of the Class is economically unfeasible and impractical. While the aggregate amount of the damages suffered by the class is large, the individual damage suffered by each, in many cases is too small to warrant the expense of individual lawsuits. The court system would be unreasonably burdened by the number of cases that would be filed if a class action if not certified.

36. Plaintiffs do not anticipate any difficulties in the management of this litigation.

37. Defendants have acted on grounds generally noticeable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole proper.

## **COUNT I**
**(Class Claim for Violation Substantive Due Process Against the City of Valley)**

38. Plaintiff incorporates by reference, as if set forth fully herein, paragraphs 1-37 above.

39. The Due Process Clause of the Fourteenth Amendment protects against Constitutionally protected interests in life, liberty, and property. <u>Maddox v. Stephens</u>, 727 F. 3d 1109, 1118 (11th Cir. 2013).

40. To establish a substantive due process claim, a plaintiff must show: (1) a deprivation of a constitutionally protected liberty or property interest; (2) by a governmental

entity ;(3) in a pretextual, arbitrary and capricious manner without any rational basis. Greenbrier, Ltd. V. City of Alabaster, 881 F. 2d 1570 (11th Cir. 1989).

41. In this case, Ms. Little was deprived of her constitutional liberty interest by being imprisoned for failing to pay a garbage collection fee, and by continuing to be threatened with imprisonment for failure to pay the fee.

42. There is no question the deprivation of Ms. Little's liberty was caused by a governmental entity -Valley.

43. The City of Valley's acts were arbitrary, capricious, and without any rational basis as they were a clear violation of Alabama law. The City knew, or should have known, that it cannot imprison people, or threaten to imprison people, for the failure to pay garbage collection fees.

**WHEREFORE**, Plaintiffs demand the following relief:

a. An Order of this Court certifying the class and appointing plaintiff as class representative and undersigned as class counsel.

b. An Order that the practices of jailing people, or threatening jail, for unpaid garbage fees, is a violation of the Fourteenth Amendment's guarantee of substantive due process.

c. An award of monetary damages for each class member.

d. An Order directing Defendants to pay the costs of the actions and a reasonable attorney's fee pursuant to 42 U.S.C. §1983(b).

**COUNT II**
**(Conspiracy to Violate 42 U.S.C. §1983 against the City of Valley and Amwaste)**

44. Plaintiff incorporates by reference, as if set forth fully herein, paragraphs 1-43 above.

45. Amwaste was a knowing participant in the constitutional deprivation pleaded above – namely the violation of the substantive due process rights of Plaintiff and the Plaintiff class.

46. Amwaste knew that the City used criminal prosecutions, and jail time, or the threat thereof, to collect fees that eventually benefited Amwaste. Amwaste was a direct beneficiary of the jail threats because its was paid from revenues derived from a system enforced, ultimately, by the imposition of jail time for failure to pay garbage fees. Amwaste knew of this process. Without Amwaste's services, the fees would never have been collected.

**WHEREFORE,** for the reasons stated above, Plaintiffs demand the following:

a. An Order of this Court certifying the class and appointing plaintiff as class representative and undersigned as class counsel.

b. An Order that the practices of jailing people, or threatening jail, for unpaid garbage fees, is a violation of the Fourteenth Amendment's guarantee of substantive due process.

c. An award of monetary damages for each class member.

d. An Order directing Defendants to pay the costs of the actions and a reasonable attorney's fee pursuant to 42 U.S.C. §1983(b).

## **COUNT III**
**(Class Claim Under the Racketeering Influenced and Corrupt Organization Act Against Valley and Amwaste)**

47. Plaintiffs incorporate by reference, as if set forth fully herein, paragraphs 1- 46 above.

48. This claim is brought pursuant to the Racketeering Influenced and Corrupt Organizations Act ("RICO") against the Individual Officer Defendants.

49. RICO, at 18 U.S.C. § 1964(c) provides a private cause of action to "any person injured in his business or property by reason of a violation of § 1962 of this chapter."

50. Section 1962(c) prohibits an individual from "participating in the conduct of the affairs of an enterprise engaged in interstate commerce, through a pattern of racketeering activity." Almanza v. United Airlines, Inc., 851 F.3d 1060, 1066 (11th Cir. 2017).2

51. A RICO enterprise is very broadly defined as, "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(5).

52. Valley and Amwaste are an association in fact in that Amwaste performs the services and relies upon the City to collect the bills that ultimately inure to the benefit of Amwaste.

53. The purpose of the association in fact is for the City to ultimately generate revenues for itself and Amwaste. This association in fact is an "enterprise" as that term is defined by 18 U.S.C. §1961(5).

54. Both Defendants participate in the affairs of the enterprise between them through "a pattern of racketeering activity." 18 U.S.C. §1962(a). The activity that the Defendants participate in is extortion under the Hobbs Act, 18 U.S.C. §1951(b)(2).

55. The Hobbs Act makes it illegal to, "obstruct, delay, or affect interstate commerce or the movement of any article in commerce, by robbery or extortion or attempts or conspires to

do so, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose . . ." 18 U.S.C. § 1951(a).

56. The Hobbs Act further defines extortion as, "the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right." 18 U.S.C. § 1951(b)(2).

57. Defendants use the threat and intimidation of jail time to extort money from Plaintiff and the Plaint class.

58. Extortion under 18 U.S.C. § 1951, is one of the predicate acts enumerated under RICO at 18 U.S.C. § 1961 that can create liability as "racketeering activity."

59. Defendants engaged in a "pattern of racketeering activity" which is established by just two acts of racketeering activity in the last ten (10) years. Lehman v. Lucom, 727 F.3d 1326, 1330 (11th Cir. 2013)). More than two acts of extortion in the last ten years have been perpetrated on just Plaintiff in this case, but the same pattern of racketeering activity has occurred dozens, or hundreds, of times within the last ten (10) years.

60. Plaintiff has been injured in her business or property in that she is being forced to pay fines.

**WHEREFORE**, Plaintiffs and the Plaintiff Class demand the following:

   a. Judgment pursuant to 18 U.S.C. § 1964(c) in their favor.

   b. Damages in an amount to be determine by a struck jury.

   c. Treble damages pursuant to 18 U.S.C. §1964(c).

   d. A reasonable attorney's fee and the costs of this action pursuant to 18 U.S.C. §1964(c).

### COUNT IV
### (Class Claim for Violation of the Eighth Amendment Pursuant to 42 U.S.C §1983)

61. Plaintiff incorporates by reference, as it set forth herein, paragraphs 1- 60 above.

62. This claim is brought pursuant to 42 U.S.C §1983 to vindicate Plaintiff and the Plaintiff class's Eighth Amendment rights.

63. The Eight Amendment states that, "Excessive bail shall not be required, nor excessive fines imposed…"

64. Bail and fines must be proportionate. The amount of fines and bail "must bear some relationship to the gravity of the offense that it is designed to punish." United States v. Bajakajian, 524 U.S. 321, 334 (1998).

65. The offense in this case is the failure to pay garbage fees. Ms. Little's indebtedness was less than $150.00. Her bond to be released from jail was $2500.00. This is not proportionate.

66. Moreover, she now has additional costs imposed for several hundred dollars. This is not proportionate.

**WHEREFORE**, Plaintiffs demand the following:

    An Order of this Court certifying the class and appointing plaintiff as class representative and undersigned as class counsel.

b. An Order that the practices of jailing people, or threatening jail, for unpaid garbage fees, is a violation of the Fourteenth Amendment's guarantee of substantive due process.

c. An award of monetary damages for each class member.

    e. An Order directing Defendants to pay the costs of the actions and a reasonable attorney's fee pursuant to 42 U.S.C. §1983(b).

**JURY DEMAND**

Plaintiffs demand a trial by struck jury on all issues so triable.

/s/ Brian M. Clark
Brian M. Clark
Attorney for Plaintiffs

**OF COUNSEL**
WIGGINS CHILDS PANTAZIS
FISHER GOLDFARB, LLC
The Kress Building
301 Nineteenth Street North
Birmingham, Alabama 35203
Telephone: (205) 314-0530
Facsimile: (205) 254-1500
Email: bclark@wigginschilds.com

/s/ J. Mark White
J. Mark White
Attorney for Plaintiffs

**OF COUNSEL**
WHITE ARNOLD & DOWD PC
2025 Third Avenue North
Birmingham, Alabama 35203
Email: mwhite@whitearnolddowd.com

/s/ Allan Armstrong
Allan Armstrong
Attorney for Plaintiffs

**OF COUNSEL**
ARMSTRONG LAW CENTER, LLC
The Berry Building
2820 Columbiana Road
Vestavia Hills, Alabama  35216

Birmingham, Alabama 35203
Email:  armstrong.atty@gmail.com

/s/ Darrell Cartwright
Darrell Cartwright
Attorney for Plaintiffs

**OF COUNSEL**
CARTWRIGHT LAW CENTER
Post Office Box 383204
Birmingham, Alabama  35238
Email:  dcartwright@gmail.com

/s/ Bill Baxley
Attorney for Plaintiffs

**OF COUNSEL**
BAXLEY JACKSON LAW FIRM
300 Vestavia Parkway, Ste. 3200
Vestavia Hills, Alabama 35216
Email: bill@baxleyjackson.com

# CERTIFICATE OF SERVICE

Serve Defendants at:

City of Valley, Alabama
20 Fob James Dr.
Valley, AL 36854

Amwaste, LLC
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, AL 36104

/s/ Brian M. Clark
Of Counsel