## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

| | | |
|---|---|---|
| SANTORI LITTLE, CHARLES GRAY, | ) | |
| And TAMARA KHELIFA, on behalf of | ) | |
| herself and those similarly | ) | |
| situated as described below, | ) | |
| | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION NO.:** |
| | ) | |
| THE CITY OF VALLEY, | ) | **3:23-cv-00044-RAH-CWB** |
| ALABAMA, and AMWASTE, LLC | ) | |
| | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

## SECOND AMENDED CLASS ACTION COMPLAINT

Santori Little, Charles Gray, and Tamara Khelifa, on behalf of themselves and all similarly situated persons as described below, state the following as their Class Action Complaint against defendants City of Valley, Alabama ("Valley" or "the City"), and AmWaste, LLC ("AmWaste").

## I. JURISDICTION AND VENUE

1.     This Court has jurisdiction pursuant to 28 U.S.C §1331, Federal question jurisdiction. There are claims against the Defendants under 42 U.S.C. §1983, for deprivations of Constitutional Rights under the Eighth and Fourteenth Amendments. There are also claims under the Racketeer Influenced and Corrupt Organizations ("RICO") Act. 18 U.S.C. §1964 et. seq. State law claims are properly before this Court pursuant to the Court's Supplemental Jurisdiction. 28 U.S.C. §1367.

2.     Jurisdiction and venue are appropriate in this District and Division pursuant to 28 U.S.C. §1391(b). This is a District and Division in which a substantial part of the acts and omissions giving rise to the cause occurred.

## II.  PARTIES

3.     Plaintiff Charles Gray is a resident of Chambers County, Alabama, and is over the age of nineteen (19) years.

4.     Plaintiff Tamara Khelifa is a resident of Chambers County, Alabama, and is over the age of nineteen (19) years.

5.     Plaintiff Santori Little is a resident of Talladega County, Alabama, and is over the age of nineteen (19) years. Ms. Little was formerly a resident of Valley, Alabama, Chambers County, Alabama, where she was then Santori Battle.

6.     Defendant City of Valley, Alabama is a municipal corporation organized under the laws of the state of Alabama, and subject to suit.

7.     AmWaste is an Alabama Limited Liability Company organized in the State of Alabama with its principal place of business in Sylvan Springs, Jefferson County, Alabama.

## III. FACTS

### A.    Facts Concerning Ms. Little and the Valley Garbage Collection System

8.     In 2011, Ms. Little, then Ms. Battle, was a resident of Valley, Alabama.

9.     Valley contracted with an outside company residential garbage collection.

10.     In 2011, Ms. Little became delinquent in her garbage collection payments.

11.     On December 5, 2011, Ms. Little received a "Code Violation Notice" putting her on notice that she was charged with violating Ala. Code §22-27-3 for failing to pay her solid

waste or garbage fee. This action was eventually assigned Case No. DC 2011 300663.00, in the District Court of Chambers County, Alabama.

12.     On December 5, 2011, Ms. Little was arrested for the failure to pay her garbage bill.

13.     In July of 2013, Ms. Little was arrested and jailed for the charge of "Failure to Pay Solid Waste Fee".

14.     Ms. Little was able to post an appearance bond of $2500.00 to be released from jail.

15.     On August 14, 2013, Ms. Little appeared in the District Court and pled guilty to the charge. She was ordered to pay $119.50 in restitution, and a $25.00 bond fee.

16.     In July of 2021, Ms. Little received a show cause order directing her to appear at Court for the failure to pay her solid waste fee. She received additional show cause orders for appearances in September and November of 2021; and again in May of 2022.

17.     She has recently been sent another show cause order directing her to appear in Court for the same offense on January 23, 2023.

**B.   Facts Relating Charles Gray**

18.     In late 2021, Mr. Gray was delinquent on his garbage bill.

19.     A warrant was issued for Mr. Gray's arrest for the charge of Failure to Pay Solid Waste Fees, referencing Ala. Code §22-27-5. On January 14, 2022, Mr. Gray was served with the warrant and taken to jail.

20.     Mr. Gray posted a $2,500.00 bond for his release.

21.     On March 9, 2022, Mr. Gray pled guilty, and was ordered to pay costs, a $25.00 bond fee, and $104.92 to the City of Valley in installments.

C.  **Facts Relating to Tamara Khelifa**

22.    On or about November 30, 2022, Tamara Khelifa was served with an arrest warrant and jailed for failing to pay her City of Valley Solid Waste Fee.

23.    Ms. Khelifa posted bond in the amount of $2,500.00 and was released from jail.

24.    Ms. Khelifa appeared in Court and pled guilty to the Charge, paid a bail fee, and set up a payment plan to pay her garbage bill.

D.  **The Process for Initiating Criminal Procedures Which Results in Jailings.**

25.    In each instance referenced above the process was started with the City making a Complaint for a Code Violation. Pursuant to Alabama statute each of the Plaintiffs herein were arrested and jailed.

E.  **The Prosecution and Jailing of People for Failure to Pay Solid Waste Disposal Fees is Aimed at Using Unauthorized Jailing as a Threat.**

26.    The collection of garbage fees through criminal conviction and the jailing of those in arrears is as much about using fear of being jailed as it is about collecting garbage fees owed from the people prosecuted, per se.

27.    In each of the Plaintiffs' cases the additional fees and court costs far outweighed the amount originally owed. For instance, in the case of Charles Gray, the original amount owing was $104.92. Mr. Gray's bond, after he was arrested was set at $2,500.00. In order to be bonded out of jail, Mr. Gray had to pay a bondsman $250.00. The City would have been better served to simply collect those monies through normal collection avenues. In addition to that outlay Mr. Gray had to pay a $25.00 bond fee, as well as $219.00 in costs.

28.    If the City and AmWaste were interested in simply collecting debt, they would have undertaken ordinary collection efforts, as the City is specifically authorized to do by Valley Mur. Code §58-127, which states that, upon failure to pay, the City may suspend service or

4

"proceed to recover the amount of any such delinquency with interest at 12 percent per annum from the due date in a civil action."

29.    Indeed, over the course of time, court costs and additional fees, in the aggregate, are over three times the amount of the garbage bills.  It makes no sense from a collections standpoint to charge these extra fees. The City would be better off collecting those monies through normal collection efforts. The only explanation is that it prosecutes and jails people to intimidate them into paying garbage bills.

**F.    AmWaste Conspired With the City to Carry Out the Unconstitutional Jailings.**

30.    Long before this action was filed, the City had been jailing people for not paying their garbage bills.  As stated above, the City used this process to intimidate people into paying their garbage bills.  AmWaste knew this when it assumed the City's garbage contract in 2019.

31.    Prior to 2019, the City had a contract with another garbage provider where it agreed that the provider would provide garbage services for City of Valley residents, and the City would collect its billing.

32.    This is not a case where the City could pay AmWaste out of the general fund, and place excess funds collected into the general fund for other municipal uses. Alabama law requires that funds collected from solid waste disposal fees only be used to pay the solid waste provider.

33.    Ala Code §§ 11-47-135 and 22-27-5(a) provide that fees for garbage collection are not within the general taxing authority of the City, but for the specific purpose of administering a solid waste disposal program and may only go to pay the costs of garbage collection.

34.     In 2019 AmWaste contracted with the City for the City to continue to collect the garbage fees. The parties had a specific agreement for AmWaste to provide garbage collection services and for the City to collect the fees. Without AmWaste, there is no generation of garbage fees. Without the City there is no collection of garbage fees which includes jailing people who are in arrears to enforce fee collection.

## II.     The Law

### A.     Applicable State Statute

35.     The State of Alabama has a statute authorizing municipalities to contract with private entities for garbage collection and disposal. Ala. Code §22-27-3(a)(1).

36.     The Code then gives authority to municipalities to adopt regulations and ordinances requiring participation in the garbage collection services provided by a private company.

37.     The Alabama Code contains enforcement provision, stating that persons violating rules and regulations promulgated under the solid waste provisions "shall be guilty of a misdemeanor and, upon conviction, shall be fined not less than $50.00, not more than $200.00, and if the violation or failure or refusal to obey or comply with such provision of this article or such rule or regulation is a continuing one, each day's violation shall constitute a separate offense and shall be punished accordingly." Ala. Code §22-27-7.

### B.     Valley Municipal Code

38.     Valley took advantage of the grant of authority to mandate participation in private garbage collection, and enacted Chapter 58 of its municipal ordinances entitled solid waste.

39.     The City mandates participation by all residents. Valley Municipal Code ("Valley Mun. Code") §58-122 and sets the rates for garbage collection per $17.50 per month. Valley Mun. Code §58-123(a).

40.     The Valley Municipal Code sets forth billing procedures and frequencies, Valley Mun. Code §58-123, and then sets forth penalties for non-payments at Valley Mun. Code §58-127.

41.     The Valley Municipal Code states that when residents do not pay the garbage collection fee, the City may suspend services "or may proceed to recover the amount of any such delinquency with interest at 12 per cent per annum from the due date in a civil action, on both." Valley Municipal Code §58-127.

42.     The Valley Mun. Code goes on to mirror the state statute in terms of criminal process by stating:

> In addition, any person violating any provisions hereof or any rule or regulation made herein, shall be guilty of a misdemeanor, and upon conviction, shall be fined not less than $50.00 nor more than $200.00, and if the violation or failure or refusal to obey or comply with such provision, rule or regulation is a continuing one, each day's violation shall constitute a separate offense and shall be punished accordingly. The City also adopts any other sanctions for violations outlined in Code of Ala. 1975, §§ 22-27-6 and 22-27-7, as amended, including the right of civil action.

Valley Mun. Code §58-127.

## C.    The Incarceration of Residents for the Failure to Pay Garbage Collection Fee Violates State and Federal Law.

43.     In this country and State, we do not have debtors' prison. The law is clear that jail time for debts is not an option. Section 20 of the Alabama Constitution says quite simply, "That no person shall be imprisoned for debt." Ala. Const. §20.

44.     Even the failure to pay monies ordered by a court does not allow for the imposition of jail time. In Smith v. Smith, 380 So. 2d 897, 899 (Ala. Civ. App. 1980), the Court held that under Ala. Const. §20, a defendant may not be imprisoned for alleged contempt in failing to pay a judgement for money.

45.     Not only may one not actually be imprisoned for the non-payment of a debt, but "The Alabama Supreme Court has condemned the use of threat of prosecution as a means of collecting debt." Bullen v. State, 518 So. 2d 227, 233 (Ala. Crim. App. 1987).

46.     Not only did the City actually imprison Plaintiffs for the failure to pay a debt, but it continues to use the threat of imprisonment as a means to collect debts.

**D.  Monies in Excess of Those to Pay Garbage Fees are an Illegal Tax**

47.     According to the Valley, Alabama Financial Statements for 2021 and 2020, the monies it collected from solid waste fees were commingled with the general funds of the city of Valley.

48.     In both years, the City of Valley collected more money from its solid waste collection customers than it spent on solid waste activities, i.e., more money than it spent on AmWaste.

49.     In both years, the City transferred the excess funds to the City of Valley General Fund.

50.     The commingling of funds from a contracted out garage service, where excess revenues collected are used to provide general revenue to the City of Valley, are in reality a tax. The Alabama Supreme Court in Eclectic v. Mays, 547 So. 2d 96 (Ala. 1989), held that transferring monies collected for garbage collection to the general fund of a municipality is, as in reality, an unauthorized tax.

51.    Ala. Code §11-47-135(1975) prohibits the use of fees collected for solid waste disposal for anything other than costs directly associated with solid waste disposal. <u>Martin v. City of Trussville</u>, 376 So. 2d 1009 (Ala. Civ. App. 1979).

52.    The transfer of funds collected for garbage disposal to the City of Valley general fund violates this statute and is in reality an unauthorized tax.

## I.    <u>CLASS ALLEGATIONS</u>

53.    <u>Class Definition</u>: Pursuant to Fed. R. Civ. P. 23(a), (b)(1), (b)(2), and (b)(3) Plaintiff brings this action on behalf of herself, and all others similarly situated, as members of the proposed Plaintiff Classes are defined as follows:

    a.    <u>The Wrongfully Jailed Class</u>

        All persons who have been prosecuted, criminally, and either jailed or threatened with jail, for the failure to pay a garbage collection fee to the City of Valley, Alabama, within the applicable statute of limitations.

    b.    <u>The Wrongfully Taxed Class</u>
        All persons who paid for garbage collection with the City of Valley, Alabama, within the applicable statute of limitations.

54.    <u>Numerosity</u>: The members of each Class or Subclass are so numerous that their individual joinder would be impracticable in that: (a) the Class or Subclass includes at least hundreds of individual members; (b) the precise number of Class or Subclass members and their identities are unknown to Plaintiffs, but are available through public records, and can easily be determined through discovery; (c) it would be impractical and a waste of judicial resources for each of the at least hundreds of individual class or subclass members to be individually represented in separate actions; and (d) it is not economically feasible for those class members to file individual actions.

55.    <u>Commonality/Predominance:</u> Common questions of law and fact predominate over any questions affecting only individual class members. These common legal and factual questions include, but are not limited to, the following:

        a.    Whether all class members are sent to prosecutorial authorities to be criminally prosecuted when they reach a threshold of indebtedness for the City of Valley, Alabama garbage collection.

        b.    Whether AmWaste participated in setting up a system wherein it used criminal prosecution to collect garbage fees for its services.

        c.    Whether the City of Valley, Alabama seeks imprisonment of those who do not pay their garbage collection bills.

        d.    Whether the City of Valley, Alabama, transferred monies from garbage collection fees to the general fund of the City.

56.    <u>Typicality:</u> Plaintiffs' claims are typical of the claims of the Class or Subclass members. Plaintiff and all class members have been injured by the same wrongful practices. Plaintiff's claims arise out of the same practices and course of conduct that give rise to the claims of the subclass and are based on the same legal theories for the class.

57.    <u>Adequacy:</u> Plaintiffs will fully and adequately assert and protect the interests of the Classes. Plaintiff has counsel experienced in class actions and complex mass tort litigation. Neither Plaintiffs nor counsel have interests contrary to or conflicting with the interests of the Classes.

58.    <u>Superiority:</u> A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims by each of the Class is economically unfeasible and impractical. While the aggregate amount of the damages suffered by the class is large, the individual damage suffered by each, in many cases is

too small to warrant the expense of individual lawsuits. The court system would be unreasonably burdened by the number of cases that would be filed if a class action if not certified.

59.    Plaintiffs do not anticipate any difficulties in the management of this litigation.

60.    Defendants have acted on grounds generally noticeable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole proper.

## COUNT I
**(Class Claim for Violation of Substantive Due Process Against the City of Valley)**

61.    Plaintiffs incorporate by reference, as if set forth fully herein, paragraphs 1-60 above.

62.    The Due Process Clause of the Fourteenth Amendment protects against Constitutionally protected interests in life, liberty, and property. Maddox v. Stephens, 727 F. 3d 1109, 1118 (11th Cir. 2013).

63.    To establish a substantive due process claim, a plaintiff must show: (1) a deprivation of a constitutionally protected liberty or property interest; (2) by a governmental entity;(3) in a pretextual, arbitrary and capricious manner without any rational basis. Greenbrier, Ltd. V. City of Alabaster, 881 F. 2d 1570 (11th Cir. 1989).

64.    In this case, Plaintiffs were deprived of their constitutional liberty interest by being imprisoned for failing to pay garbage collection fee, and by continuing to be threatened with imprisonment for failure to pay the fee.

65.    There is no question the deprivation of Plaintiffs' liberty was caused by a governmental entity -Valley.

66.    The City of Valley's acts were arbitrary, capricious, and without any rational basis as they were a clear violation of Alabama law. The City knew, or should have known, that it cannot imprison people, or threaten to imprison people, for the failure to pay garbage collection fees.

WHEREFORE, Plaintiffs demand the following relief:

    a.    An Order of this Court certifying the wrongfully jailed Class; appointing Plaintiffs as class representatives; and undersigned as class counsel.

    b.    An Order that the practices of jailing people, or threatening jail, for unpaid garbage fees, is a violation of the Fourteenth Amendment's guarantee of substantive due process.

    c.    An award of monetary damages for each class member including all fines, fees, and payments related to incarceration such as bond fees.

    d.    An Order directing Defendants to pay the costs of the actions and a reasonable attorney's fee pursuant to 42 U.S.C. §1983(b).

## <u>COUNT II</u>
**(Conspiracy to Violate 42 U.S.C. §1983 against the City of Valley and AmWaste)**

67.    Plaintiffs incorporate by reference, as if set forth fully herein, paragraphs 1-66 above.

68.    As stated above, the jailing of people for an offense which does not allow for jailing by statute is a violation of the Fourteenth (14th) Amendment's right to substantive due process. As explained in Count IV below, the setting of bond in an amount that is several multiples of the garbage fees at issue is excessive bail, and the related fees are excessive fines under the Eighth (8th) Amendment.

69.     AmWaste's participation in the Constitutional deprivations was essential and necessary to the scheme to extract monies from people by use of, and threats to use, jailing for garbage fees.

70.     AmWaste generated the fees and agreed that the City would continue to collect its garbage fees by contract and pursuant to Ala Code §§ 11-47-135, and 22-27-5(a).

71.     When AmWaste took over the Valley garbage contract in 2019, it did so with full knowledge and assent to exactly how the City collected garbage fees.

72.     The parties had a specific agreement for Amwaste to provide garbage services, and for the City to collect on its behalf. AmWaste knew exactly how the City was collecting fees at the time, and entered into a contractual relationship whereby the City would continue those practices for the benefit of both the City and AmWaste.

73.     The common objective of the agreement/conspiracy was for AmWaste to generate garbage collection fees, and then for the City to collect those fees. AmWaste knew of and approved of the methodology to be used in collecting those fees, including the use of jail or the threat of jail.

**WHEREFORE,** for the reasons stated above, Plaintiffs demand the following:

a.     An Order of this Court certifying the wrongfully jailed class and appointing Plaintiffs as class representatives and undersigned as class counsel.

b.     An Order that the practices of jailing people, or threatening jail, for unpaid garbage fees, is a violation of the Fourteenth Amendment's guarantee of substantive due process.

c.     An award of monetary damages for each class member.

    d.    An Order directing Defendants to pay the costs of the actions and a reasonable attorney's fee pursuant to 42 U.S.C. §1983(b).

## COUNT III
**(Class Claim Under the Racketeering Influenced and Corrupt Organization Act Against Valley and AmWaste)**

74.    Plaintiffs incorporate by reference, as if set forth fully herein, paragraphs 1-73 above.

75.    This claim is brought pursuant to the Racketeering Influenced and Corrupt Organizations Act ("RICO").

76.    RICO, at 18 U.S.C. § 1964(c) provides a private cause of action to "any person injured in his business or property by reason of a violation of § 1962 of this chapter." Plaintiffs were injured in that money was extracted from them by the violation of the Hobbs Act, 18 U.S.C. §1951(b)(2).

77.    Section 1962(c) prohibits an individual from "participating in the conduct of the affairs of an enterprise engaged in interstate commerce, through a pattern of racketeering activity." Almanza v. United Airlines, Inc., 851 F.3d 1060, 1066 (11th Cir. 2017).2

78.    A RICO enterprise is very broadly defined as, "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(5).

79.    The contractual agreement between Valley and AmWaste for AmWaste to generate garbage fees through its garbage collection services, and for the City to collect those fees, is an association in fact.

80.    The particular statutory framework for providing municipal garbage collection through a private party makes the City of Valley and AmWaste partners in an enterprise wherein

AmWaste provides the garbage collection services, and the City of Valley collects monies particularly to pay AmWaste.

81.    Ala. Code §11-47-135 authorizes a municipality to fix and collect fees necessary to carry out garbage collection services. The Code goes on to restrict what the fees for collecting garbage can be used for. The law is that such fees may be used "for the specific purpose of administering this article and providing and operating a solid waste program." Ala. Code §22-27-5(a).

82.    AmWaste was aware of this provision when it acquired the contract to provide Valley garbage services. AmWaste was provided funds through the collection efforts of the City of Valley.

83.    By law, this was not a situation where AmWaste simply contracted with the City of valley, and Valley paid it from its general revenues. By statute, the City of Valley directly collected monies that were to be specifically segregated for payments to AmWaste.

84.    The purpose of the association in fact is for the City to ultimately generate revenues for itself and AmWaste. This association in fact is an "enterprise" as that term is defined by 18 U.S.C. §1961(5).

85.    This enterprise has an existence separate and apart from either Valley or AmWaste.

86.    Both Defendants participate in the affairs of the enterprise between them through "a pattern of racketeering activity." 18 U.S.C. §1962(a). The activity that the Defendants participate in is extortion under the Hobbs Act, 18 U.S.C. §1951(b)(2).

87.    The Hobbs Act makes it illegal to, "obstruct, delay, or affect interstate commerce or the movement of any article in commerce, by robbery or extortion or attempts or conspires to

do so, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose . . ." 18 U.S.C. § 1951(a).

88.     The Hobbs Act further defines extortion as, "the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right." 18 U.S.C. § 1951(b)(2).

89.     Defendants use the threat and intimidation of jail time to extort money from Plaintiff and the Plaintiff Classes. Plaintiff and Class members not only have to pay the past due garbage bills but they are charged fees and costs, including a bond fee, which all go into the City's coffers. The threat of jail used by the City to extort payment is not authorized by statutes, Alabama law, or the United States Constitution.

90.     Extortion under 18 U.S.C. § 1951, is one of the predicate acts enumerated under RICO at 18 U.S.C. § 1961 that can create liability as "racketeering activity."

91.     Defendants engaged in a "pattern of racketeering activity" which is established by just two acts of racketeering activity in the last ten (10) years. Lehman v. Lucom, 727 F.3d 1326, 1330 (11th Cir. 2013)). More than two acts of extortion in the last ten years have been perpetrated on just Plaintiff in this case, but the same pattern of racketeering activity has occurred dozens, or hundreds, of times within the last ten (10) years.

92.     Nothing changed when AmWaste took over the garbage collection contract in 2019. The status quo of collection efforts would remain in place, including the use of jail and threats of jail to collect garbage fees. This was understood and approved of by AmWaste when it assumed the garbage collection contract, and AmWaste gladly accepted the fruits of the illegal collection practices.

93.    When it assumed the garbage collection contract, AmWaste agreed that the City would continue to collect its fees as it had done before AmWaste assumed the contract – through using jail and the threat of jail as a method to force payment of the fees.

94.    Plaintiffs have been injured in their business or property in that they were coerced to pay fines and fees by the illegal threat of jail..

**WHEREFORE**, Plaintiffs and the Plaintiff Class demand the following:

a.   An Order of this Court certifying the class on this claim and appointing Plaintiffs as class representatives and undersigned as class counsel.

b.   Judgment pursuant to 18 U.S.C. § 1964(c) in their favor.

c.   Damages in an amount to be determine by a struck jury.

d.   Treble damages pursuant to 18 U.S.C. §1964(c).

e.   A reasonable attorney's fee and the costs of this action pursuant to 18 U.S.C. §1964(c).

### COUNT IV
### (Class Claim for Violation of the Eighth Amendment Pursuant to 42 U.S.C §1983 Against the City of Valley)

95.    Plaintiffs incorporates by reference, as if set forth herein, paragraphs 1-94 above.

96.    This claim is brought pursuant to 42 U.S.C §1983 to vindicate Plaintiffs and the Plaintiff class's Eighth Amendment rights. This claim is against the City of Valley. However, it also is one of the predicate, underlying constitutional deprivations underlying the §1983 conspiracy claim against AmWaste contained in Count II.

97.    The Eight Amendment states that, "Excessive bail shall not be required, nor excessive fines imposed…"

98.     Bail and fines must be proportionate. The amount of fines and bail "must bear some relationship to the gravity of the offense that it is designed to punish." United States v. Bajakajian, 524 U.S. 321, 334 (1998).

99.     The offense in this case is the failure to pay garbage fees. In each case, the $2,500.00 bond was multiple of the amount owned for garbage collection. For example, in Mr. Gray's case, the $2,500.00 bail was over twenty-three (23) times the $104.93 amount in his criminal Complaint. Similarly, Ms. Khelifa's bail of $2,500.00 was for a $85.00 garbage bill. This is not proportionate.

100.    Moreover, Plaintiffs have had additional costs imposed for several hundred dollars in connection with their criminal process for failing to pay garbage bills. This is not proportionate.

**WHEREFORE**, Plaintiffs demand the following:

a.  An Order of this Court certifying the wrongfully jailed class and appointing Plaintiffs as class representatives and undersigned as class counsel.

b.  An Order that the practices of jailing people, or threatening jail, for unpaid garbage fees, is a violation of the Eighth (8th) Amendment's prohibition against excessive fines.

c.  An award of monetary damages for each class member.

d.  An Order directing Defendants to pay the costs of the actions and a reasonable attorney's fee pursuant to 42 U.S.C. §1983(b).

### COUNT V
### (Class Claim for Unjust Enrichment/Disgorgement against City of Valley)

101.    Plaintiffs incorporate by reference, as if set forth fully herein, paragraphs 1-100 above.

102.    The City of Valley is taking in garbage fees and transferring those in excess of that which is paid to AmWaste to the general fund of the City.

103.    The Alabama Supreme Court held that the transfer of garbage collection funds to a municipality's general fund, is an illegal tax, and that those funds, to the extent they are greater than those actually paid for the garbage collection, are to be returned to the citizens. Eclectic v. Mays, 547 So. 2d 96 (Ala. 1989), citing Ala. Code §§11-47-135; 22-27-5(a).

104.    Because those funds collected by the City above those actually paid for garbage collection are an illegal tax, the City in equity and good conscience cannot retain those funds.

105.    The equitable remedy of disgorgement lies where a defendant holds money which was improperly paid, and in equity and good conscience, the defendant cannot retain those funds. That is exactly the case with the illegally collected portion of garbage fees.

**WHEREFORE**, Plaintiffs demand the following:

a.    That the Court certify this claim as a Class action; appoint Plaintiffs as Class representatives of the wrongfully taxed class and undersigned as Class Counsel.

b.    That the Court order those monies collected by the City of Valley over the actual amounts paid for garbage collection returned to the plaintiff class.

**<u>JURY DEMAND</u>**

Plaintiffs demand a trial by struck jury on all issues so triable.

/s/ Brian M. Clark
Brian M. Clark
Attorney for Plaintiffs

**OF COUNSEL**
WIGGINS CHILDS PANTAZIS
FISHER GOLDFARB, LLC
The Kress Building
301 Nineteenth Street North
Birmingham, Alabama 35203
Telephone: (205) 314-0530
Facsimile: (205) 254-1500
Email:  bclark@wigginschilds.com

/s/ J. Mark White
J. Mark White
Attorney for Plaintiffs

**OF COUNSEL**
WHITE ARNOLD & DOWD PC
2025 Third Avenue North
Birmingham, Alabama 35203
Email: mwhite@whitearnolddowd.com

/s/ Allan Armstrong
Allan Armstrong
Attorney for Plaintiffs

**OF COUNSEL**
ARMSTRONG LAW CENTER, LLC
The Berry Building
2820 Columbiana Road
Vestavia Hills, Alabama  35216
Birmingham, Alabama 35203
Email:  armstrong.atty@gmail.com

/s/ Darrell Cartwright
Darrell Cartwright
Attorney for Plaintiffs

**OF COUNSEL**
CARTWRIGHT LAW CENTER
Post Office Box 383204
Birmingham, Alabama  35238
Email:  dcartwright@gmail.com

/s/ Bill Baxley
Attorney for Plaintiffs

**OF COUNSEL**
BAXLEY JACKSON LAW FIRM
300 Vestavia Parkway, Ste. 3200
Vestavia Hills, Alabama 35216
Email: bill@baxleyjackson.com

## CERTIFICATE OF SERVICE

I certify that on this the 15th day of September, 2023, the foregoing document was electronically filed with CM/ECF which will send email notification to all counsel of record:

Robbie Alexander Hyde
robbie@alexanderhyde.com

Bart Harmon
bart@alexanderhyde.com

Benjamin B. Coulter
bcoulter@burr.com

Callie S. Leopard
cleopard@burr.com

/s/ Brian M. Clark
Of Counsel